UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT M. OLIVER, | No. C 08-3567 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT; et al., | |
| Respondents. | |

Emmett M. Oliver, currently in custody at the San Francisco County Jail awaiting trial, filed a petition for writ of habeas corpus. His petition complains about the unfairness of his arrest, his detention and the criminal proceedings pending against him.

This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special

circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Carden, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance). Because Oliver has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and DISMISS the petition without prejudice. See id. at 84. The alleged problems that Oliver claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

The dismissal of this action is without prejudice to Oliver filing a new habeas petition, but he should not file a new federal petition for writ of habeas corpus unless he gets convicted and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's highest court a fair opportunity to rule on each of his claims.

The in forma pauperis application is GRANTED. (Docket # 2, # 4.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 28, 2008

SUSAN ILLSTON
United States District Judge